# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1498 | **DATE** | 3/11/2011 |
| **CASE TITLE** | United States vs. McKinley | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Craig D. McKinley's petition under 28 U.S.C. § 2255 is denied.

■ [ For further details see text below.]  Docketing to mail notices.

## STATEMENT

On March 11, 2008, Petitioner Craig D. McKinley entered into a plea agreement under which he pled guilty to one count of bankruptcy fraud. At his March 4, 2009, sentencing, McKinley contested the $27,000 in restitution that Norman and Merlin Rouse alleged he owed them. This debt emerged from a construction contract, under which McKinley's C-Mack Construction & Remodeling business was to renovate the second and third floors of the Rouses' property. On January 11, 2002, the Rouses paid McKinley $7,000 toward the $27,000 down payment for the $80,500 project. On February 2, 2002, the Rouses paid McKinley the $20,000 balance on the down payment.

On March 15, 2002, McKinley filed for Chapter 7 bankruptcy, but did not disclose in his petition the $27,000 in cash the Rouses gave to him, the existence of the C-Mack business, or the Rouse construction contract. On April 22, 2002, the Rouses filed a complaint against McKinley in Illinois state court for the return of their money, alleging that McKinley did not perform as required under the construction contract. This claim was stayed due to McKinley's pending bankruptcy proceeding, and on June 28, 2002, the bankruptcy court, unaware of the Rouses' claim or the construction contract because of McKinley's misrepresentations, discharged all of McKinley's debts. This foreclosed the Rouses' state contract claim.

McKinley pled guilty to the charge that he filed a false and fraudulent bankruptcy petition, part of which included the omission of the Rouses' payment. In his plea agreement, McKinley waived all appeal rights. The waiver, however, did not apply to claims of involuntariness or ineffective assistance of counsel that directly related to the plea. McKinley subsequently filed a timely motion to vacate his sentence under 28 U.S.C. § 2255, alleging that ineffective assistance of counsel led to violations of his Sixth, Seventh, and Eighth Amendment rights with the plea agreement and sentencing.

A federal prisoner may seek to vacate, set aside, or correct his sentence only if the prisoner establishes that: (a) the sentence was imposed in violation of the Constitution or laws of the United States; (b) the court was without jurisdiction to impose the sentence; (c) the sentence was in excess of the maximum authorized by law; or (d) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

| STATEMENT |
|---|

McKinley alleges that his attorney gave him misleading information regarding his plea, and that she placed him under duress to accept the plea agreement. To establish an ineffective assistance of counsel action, a petitioner must show that (1) performance of counsel fell below an objective standard of reasonableness, and (2) he was prejudiced in the sense that, but for counsel's alleged errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–99, 694 (1984).

The Court addresses each of the claims McKinley makes against his attorney.

### (1) Erroneously guaranteeing a jury trial concerning restitution

McKinley alleges that his attorney informed him that, pursuant to the plea agreement, he would receive a trial for the restitution owed to the Rouses. In the plea agreement, however, McKinley expressly waived his trial rights. Plea Agreement ¶ 19(a), Mar. 11, 2008, 06-cr-622 ECF No. 37. At sentencing, McKinley stated that he read the plea agreement and discussed it with his attorney. Sentencing Tr. 3:4–7, Mar. 4, 2009. The only mistakes in the agreement that McKinley alleged at sentencing were minor and insignificant spelling errors. *Id*. at 3:10–16. Because McKinley stated in open court that he read the plea agreement with the trial waiver, and did not object to it, McKinley has no basis for an ineffective assistance of counsel claim regarding an alleged trial promise.

### (2) Ineffective representation on the Rouses' restitution claim

The second ground upon which McKinley bases his petition concerns this Court's award of $27,000 in restitution to the Rouses. McKinley argues that but for his attorney's misleading statements about his plea agreement, which he contends he entered into under duress, he would have been able to present evidence to the Court showing that he did not owe the Rouses $27,000 under the construction contract. As an initial matter, McKinley does not adequately plead duress. His counsel's evaluation of his potential sentence at trial and a candid recommendation to accept a plea agreement—which occurred on the eve of his trial—does not constitute duress. *See United States v. Brown*, 383 Fed. Appx. 543, 546 (7th Cir. 2010). McKinley had the option and ability to reject the plea and head to trial, even if this would have necessitated him securing another attorney. Under the facts before the Court, McKinley entered into the plea agreement using his own free will.

Further, if McKinley had desired to challenge the Rouses' $27,000 contract claim of damages that the Court awarded as restitution, he had to litigate this in the Illinois civil contract case. However, when the bankruptcy court discharged his debts, he relinquished the opportunity to challenge the Rouses' claim, as this terminated the civil suit.

McKinley contends that his attorney for the Rouse civil suit possessed the documentation that would show he performed approximately $15,000 in work for the Rouses. On February 18, 2009, McKinley's attorney for the criminal proceeding filed a motion seeking leave to obtain these documents from McKinley's Illinois civil case attorney. This prior attorney, however, failed to produce the documents.

Shortly thereafter, the sentencing occurred in this Court. The plea agreement expressly stated that "defendant understands that the government intends to argue, among other things, that the defendant should make restitution of approximately $27,000 to Individual A." Plea Agreement ¶ 11, Mar. 11, 2008, 06-cr-622 ECF No. 37. The government did just this. Both Norman and Merlin Rouse testified at the sentencing. While McKinley testified and argued that this restitution amount was incorrect, he did not tender any evidence—such as receipts, photos, or witnesses—establishing that the work had been performed. In weighing the evidence, the Court stated:

> Right now you (McKinley) have a swearing match between you and them (the Rouses), and
> who am I supposed to believe? Believe you or believe them, when you could have had a

| STATEMENT |
|---|
| resolution in the courts where it should have been resolved. [T]hat is why I am finding against you on [the restitution] issue.<br><br>Sentencing Tr. 36:23–37:2, Mar. 4, 2009. Now, almost two years after this sentencing, McKinley does not tender any evidence in support of his § 2255 petition that establishes a basis upon which the $27,000 restitution award was improper. Thus, he has not come close to meeting the heavy burden pursuant to *Strickland* for an ineffective assistance of counsel claim.<br>    For these reasons, McKinley's 28 U.S.C. § 2255 petition is denied. |